# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3511 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Estrada vs. Velasco et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants' motion to dismiss paragraphs 1 through 31 of plaintiff's complaint against all named defendants [60-1] is granted without prejudice. Plaintiff has ten days from the date of this order to seek leave to amend the complaint, if he chooses. If plaintiff does not seek to amend his complaint, the dismissal will be converted to one with prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 1 4 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 71 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5/13/2002 | |
| KF | courtroom deputy's initials | date mailed notice KF | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PABLO ESTRADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 98 C 3511 |
| v. ) | |
| ) | Mag. Judge Mason |
| ERNESTO VELASCO, et al., ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**

## MEMORANDUM OPINION AND ORDER

MAY 14 2002

Michael T. Mason, United States Magistrate Judge:

Plaintiff Pablo Estrada, a former inmate at the Cook County Department of Corrections, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against various employees of the Cook County Department of Corrections ("CCDOC"). Specifically, Estrada has sued the Executive Director of the CCDOC, Ernesto Velasco; the Superintendent of Division 8 Residential Unit Building, Joclede Benn; Division 11 Lieutenant, John Doe Webster; Division 11 Sergeant, Joseph Farina; Division 11 Sergeant John Ready; Division 11 Correctional Officer Shawn Parlich; and Billie Kelly (collectively, "defendants"). Estrada filed his complaint *pro se*,[1] alleging that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and seeking compensatory and punitive damages. Defendants have moved to dismiss paragraphs 1 through 31 of Estrada's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) – lack of subject matter jurisdiction, and 12(c) – which requests a judgment on the pleadings

---

[1] Although Estrada filed his form-complaint *pro se*, he is now represented by pro bono counsel, who assisted him in filing his response to the motion to dismiss.

for failure to state a claim. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**Procedural Standard**

In a motion to dismiss pursuant to Rule 12(b)(1), there is no presumption of truth for the allegations in the complaint. *Commodity Trend Service, Inc. v. Commodity Futures Trading Commission*, 149 F.3d 679, 685 (7th Cir. 1998). Instead, the court may look beyond the pleadings to any evidence which calls its jurisdiction into question. *Id.* However, a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) requires that there be no material facts in dispute. *See National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1986).

Except for the requirement that there be no facts in dispute, a Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion to dismiss and "'should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)). Analyzing this case pursuant to these two differing standards is complicated by plaintiff's choice of defendants. Although he names specific individuals in paragraphs 1 through 31 of his complaint, none of them are named defendants; the actual defendants are not accused of any wrongdoing until paragraph 32. In answering paragraphs 1 through 31 of the complaint, the defendants admit a few allegations, deny some paragraphs outright, deny others for lack of knowledge, and deny the remainder because they do not name any of the defendants. In their memorandum in support of the motion to dismiss,

defendants appear to accept as true all of plaintiff's allegations, as required pursuant to a Rule 12(b)(6) motion. As we explain below, we cannot be sure that there is no dispute of material fact, so deciding the Rule 12(c) portion of defendant's motion is not appropriate. However, even reading defendants' briefs to agree with all of the allegations in the complaint, we believe that Estrada at least partially states a claim upon which relief could be granted.

**Facts**

In order to decide this motion, we will set forth the following facts as stated in the complaint, without making any assumption as to their truth. Estrada was incarcerated at the CCDOC from October 25, 1995 until January 18, 1997, when he was transferred to the Illinois Department of Corrections ("IDOC"). Estrada is a diabetic and needs to receive injections of insulin twice per day, at 4:30 a.m. and 3:30 p.m. For most of his stay at the CCDOC he was not housed in the hospital wing and thus needed to be transported to Cermak Hospital via motorized cart to receive his insulin injections.[2] He claims that on numerous occasions (maybe even daily), staff members at CCDOC failed to ensure that he received his insulin shots at the appropriate times each day, causing him to become ill; he alleges that at times, his shots were up to eight hours late, despite his complaints.[3]

While incarcerated at the CCDOC, Estrada repeatedly complained that the cart used to transport him to the hospital was unsafe. On November 29, 1995, January 25,

---

[2] We surmise from the briefs that the CCDOC was connected to Cermak Hospital by an underground tunnel, and prisoners who needed medical treatment were transported through the tunnel on motorized carts similar to golf carts.

[3] As we noted above, Estrada does name the individuals to whom he complained, but they are not defendants in this suit.

3

1996, and February 6, 1996, Estrada was involved in accidents while riding on the cart to the hospital, resulting in injuries to his feet, back, neck, and legs.

**Statute of Limitations**

The first issue this Court must address with respect to these allegations is the defendants' argument that paragraphs one through thirty-one of plaintiff's complaint are time-barred by the statute of limitations. Estrada's claims under 42 U.S.C. § 1983 are governed by Illinois' two-year statute of limitations for personal injury claims. 735 ILCS 5/13-202. *See, Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 594 (7th Cir. 2001) (federal courts in Illinois apply the 2 year limitations period). Since Estrada filed his complaint on June 4, 1998, any events that occurred prior to June 4, 1996 are barred unless plaintiff can demonstrate that he is entitled to an exception to the limitations period.

Estrada agrees that the events in paragraphs 1 through 31 are untimely, but argues that the statute of limitations should not govern because defendants' actions fall under the continuing violation doctrine. Under the doctrine, a plaintiff may seek relief for an otherwise time-barred act by linking it with an act that is within the limitations period. *Speer v. Rand McNally*, 123 F.3d 658, 663 (7th Cir. 1997); *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1996). "The plaintiff may not base [his] suit on conduct that occurred outside that statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as in a case in which the conduct could constitute, or be recognized, as actionable only in the light of events that occurred later, within the period of the statute of limitations." *Gotfryd v. Book Covers, Inc.*, No. 97-7696, 1999 WL 20925

4

at * 3 (N.D. Ill. Jan. 7, 1999) (*quoting, Galloway v. General Motors Service Parts Operations*, 78 F.3d 1164, 1167 (7th Cir. 1996). Furthermore, where the time-barred incident alone should have triggered the plaintiff's awareness of his rights, the continuing violation doctrine does not apply. *See Simpson v. Borg- Warner Automotive, Inc.*, 196 F.3d 873, 875 n.1 (7th Cir. 1999).

In this case, we find that Estrada's allegations regarding the three motorized cart accidents are time-barred. Each accident was a discrete event that should have put Estrada on notice that he had a cause of action against the defendants. Indeed, the fact that Estrada made numerous complaints and filed grievances concerning the cart's safety and the accidents demonstrates that he was well aware of the significance of each event.

Determining whether Estrada's allegations regarding his late insulin shots are time barred is slightly more complicated. Estrada relies on *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001) for the proposition that a prisoner's § 1983 complaint for denial of medical treatment is subject to the continuing violation doctrine. In *Heard*, a prisoner filed suit under § 1983, alleging that while incarcerated, defendants ignored his complaints of pain and denied him medical treatment for his eventually diagnosed hernia. The Seventh Circuit held that each day defendants denied plaintiff medical treatment, they inflicted a fresh injury upon him, and thus, the plaintiff's claim accrued anew every single day. *Id.* at 319, 320. The Court explained that it would allow the plaintiff to reach back to the beginning of the violation – the first denial of treatment – even if that beginning lay outside the statutory limitations period, when it would be unreasonable to require or permit him to sue separately over each incident of defendant's unlawful conduct. *Id.* The unlawful

5

conduct could not end until the day plaintiff either left jail or received treatment; he had two years from that day to file suit over all of defendants' denials.

In this case, the plaintiff alleges that defendants failed to transport him to Cermak Hospital so that he received his insulin shots in a timely manner, and that he became sick as a result. His complaint specifically alleges that the late transport continued after June 4, 1996, a time within the limitations period. Unlike the cart accidents, which were discrete events that should have triggered Estrada's awareness of his obligation to bring suit, it would have been unreasonable to expect him to bring a separate lawsuit for each day that he got his shots late. Thus, we will not use the statute of limitations to dismiss Estrada's claims regarding his insulin shots that occurred outside the limitations period.

**Eighth Amendment Allegations**

Defendants next argue that even apart from the statute of limitations issue, we should dismiss paragraphs 1 through 31 for failure to state a claim upon which relief may be granted, since Estrada does not name any of the defendants in these allegations. In order to state a claim under the Eighth Amendment, "[a]n inmate must show the existence of conditions posing a substantial risk of serious harm, and that the [jail] official's state of mind was one of deliberate indifference [to inmate health or safety]. *Ware v. Fairman*, 884 F. Supp. 1201, 1205 (N.D. Ill. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

When considering an Eighth Amendment challenge to a denial or delay in medical treatment, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106

6

(1976). This standard erects two hurdles which every inmate-plaintiff must clear. First, a plaintiff must show that his condition was serious – an objective standard. *Dunigan v. Winnebago Co.*, 165 F.3d 587, 590 (7th Cir. 1999). A medical condition is serious when the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Second, a plaintiff must show that a state official acted with the requisite state of mind – deliberate indifference – which is a subjective standard. *Dunigan*, 165 F. 3d at 591. When considering whether an inmate's medical care demonstrates deliberate indifference to his serious medical needs, the court looks at the inmate's medical care as a whole and not only at incidents in isolation. See, *Dunigan*, 165 F.3d at 591 9); *Gutierrez*, 111 F.3d at 1375. Furthermore, any delays in medical care must be more than isolated instances of neglect. *Gutierrez*, 111 F.3d at 1375. Neither negligence nor even gross negligence is a sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991)). Finally, [d]eliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed. *Id.* at 845-46 (*citing Estelle*, 429 U.S. at 104-05).

Although they do not explicitly state it, defendants appear to argue that Estrada cannot demonstrate the deliberate indifference necessary to sustain his claim for cruel and unusual punishment because he does not allege that any of the named defendants even

7

were aware of – let alone deliberately indifferent to – his complaints about his late insulin shots. We agree. As we explained above, in order to state a claim for an Eighth Amendment violation, Estrada would have to establish a knowledge element on behalf of the named defendants. Even if we accept Estrada's contention that his receipt of late insulin shots posed a serious threat to his health, no where in the first 31 paragraphs of his complaint does he allege that any of the defendants had any idea about his failure to receive his insulin shots on time. See *Hudson v. McHugh*, 148 F.3d. 859, 863 (7th Cir. 1998).

In *Hudson*, an epileptic inmate was transferred from a halfway house to jail without the medication he needed to treat his epilepsy. Despite informing numerous individuals at the jail about his need for medication, he did not receive it and eventually suffered a seizure. The Seventh Circuit upheld summary judgment in favor of two defendants who were the director and assistant director of the halfway house, finding that even if they knew the plaintiff had been transferred without his epilepsy medication, there was no evidence that they knew he did not obtain more medication once at the jail.

We do not know why plaintiff's counsel did not choose to seek leave to amend the complaint to add additional defendants; plaintiff's brief does not address his failure to state allegations against the named defendants. We thus find ourselves in something of a procedural quandary. Technically, we should not grant defendants' Rule 12(c) motion because certain facts in paragraphs 1 through 31 are either in dispute, or cannot be admitted or denied by the named defendants. However, this decision would unfairly punish the current defendants, who have a legitimate claim to dismiss part of the complaint against them. If we proceed as if the defendants have admitted all facts, we run the risk

8

of creating admissions on behalf of yet-unnamed defendants who could be added later. Therefore, we will dismiss paragraphs 1 through 31 of the complaint against all named defendants without prejudice and allow Estrada ten days from the date of this order to seek leave to amend the complaint, if he so chooses. If Estrada does not seek to amend his complaint, the dismissal will be converted to one with prejudice. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: May 13, 2002